UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 7** |
| **COREY S. FINKELSTEIN,** ) | **Case No. 08-40743-HJB** |
| Debtor ) | |
| ) | |

## DEBTOR'S OBJECTION TO
## MOTION TO APPROVE SETTLEMENT AGREEMENT AS BETWEEN JOHN BURDICK, CHAPTER 7 TRUSTEE, AND CREDITOR, PENNEY KEYES

NOW COMES the Debtor and hereby opposes the Motion to Approve the Settlement Agreement as between John Burdick, Chapter 7 Trustee, and creditor, Penney Keyes.

In support thereof, the Debtor indicates as follows:

1. The Debtor filed his Chapter 7 Petition on March 13, 2008.

2. The Debtor has pending before the Court a Settlement Agreement with the Trustee to settle the §727 complaint and on-going discharge litigation. See Adversary Proceeding Docket Nos. 08-04155 and 08-04106.

3. In the event that this Settlement Agreement is not approved, the Debtor will be forced to litigate the issue about the discharge litigation with the Trustee. In the event that the Debtor's discharge litigation is unsuccessful, the Debtor will lose his overall discharge pursuant to 11 U.S.C. §727.

4. The Debtor has on appeal the decision of the Probate Court awarding Penney Keyes certain claims asserted in her Proof of Claim. In the event the Debtor is successful in the Probate Court appeal, and if this Court's Order approving the Motion to pay $500,000 to the Debtor's former spouse stands, the Trustee would be forced to seek disgorgement as against Ms. Keyes inasmuch she would no longer have a claim in this Bankruptcy proceeding.

5. In the event that the Debtor is successful in the Probate Court appeal, the Debtor would be able to pay off all of his unsecured debts, both timely and tardily filed, with the funds in the hands of the estate. Therefore, even though the Debtor may lose his discharge in the § 727 litigation, the Debtor will owe no debts subsequent to the discharge because there would be a surplus to the Debtor paid under § 726 (a)(6). See below at Paragraph 12.

6. The Bar date for filing Proofs of Claim was April 28, 2009.

7. The Chapter 7 Trustee settled with Cheryl Rosenberg for $980,000, less credits, (see Settlement Order at Document #134), which is in the hands of the Trustee, who holds approximately $1,020,000 (See the Motion to Settle at Document # 121).

8. Penny Keyes' claim arises out of a Divorce Proceeding within the Middlesex Probate and Family Court and it is currently on appeal in the Massachusetts Appeals Court.

9. Resolution of the Divorce appeal is still pending.

10. 11 U.S.C. § 726 (a)(1) and (2) provides that tardily filed claims enjoy the surplus that would otherwise be garnered by the Debtor ahead of the Creditors. See 11 U.S.C. § 726 (a)(6).

11. There are approximately $880,000 in listed but un-filed Proofs of Claim that are contingent, guarantee debts that may not be owed by the estate.

12. Upon analysis of the claims register and Schedule F, an anticipated distribution and certain reductions due to the sale of the Debtor's boat, there is $345,000 available to pay $198,000 in potentially tardily filed claims and $147,000 will be available for the Debtor, less interest pursuant to 11 U.S.C. § 726 (a)(5). This assumption is made according to the following calculations:

    a. There is $1,020,000 presently available to the Chapter 7 Trustee and a pending $24,000 from the Debtor per the proposed settlement terms of Adversary Proceeding Nos. 08-04106 and 08-04155 (See consolidation order).

    b. After an estimated $100,000 in administrative funds are taken out, $944,000 remains.

    c. After approximately $140,000 in estimated capital gains taxes are paid, $804,000 remains.

    d. After $459,000 in unsecured timely filed claims are paid, with the Key Bank claim reduced to $107,000 based upon a recent deficiency notice sent by the bank, $345,000 remains.

    e. After $198,000 in non contingent unfiled claims are paid, $147,000 will be available for the Debtor, less interest paid to the creditors pursuant to 11 U.S.C. § 726 (a)(5).

    f. At the average federal judgment interest rate of .3% over three years, $5,805 shall be subtracted from the remaining $147,000, leaving $141,195 available for the Debtor.

13. Accordingly, in the event that Ms. Keyes receives the $500,000 proposed immediately in the proposed settlement, and it is determined by virtue of the appeal that she is not entitled to these funds, the bankruptcy estate and the Chapter 7 Trustee would be forced to seek disgorgement as against her.

14. This Court has traditionally been reluctant to allow interim distributions in Chapter 7 cases until such time as the Final Report can be reviewed by the Court in the context of a review of the entire case. This is for good reason, for if the ex-wife is unsuccessful in her appeal, and the funds have been distributed to her, then there will be a shortfall to the estate, thus harming the Debtor's potential surplus and the Debtor's creditors who, if paid with interest, would not have any claims against the Debtor thus making moot the loss of his discharge.

WHEREFORE, the Debtor respectfully requests that this Court deny the Motion to Approve the Settlement Agreement as between John Burdick, Chapter 7 Trustee, and creditor, Penney Keyes.

                    COREY S. FINKELSTEIN,
by his counsel:

/s/ Carl D. Aframe
Carl D. Aframe, Esq. (BBO#012780)
AFRAME & BARNHILL, P.A.
108 Grove Street, Suite 2
Worcester, MA 01605
(508) 756-6940, Facsimile # (508) 753-8219
aframe@aframebarnhill.com

Date: December 11, 2009

## CERTIFICATE OF SERVICE

I, Carl D. Aframe, do hereby certify that I will, immediately upon receipt of the notice of electronic service, serve a copy of the within document by mailing same to any of the parties below who are not deemed to have consented to electronic notice or service under EFR 9.

Corey S. Finkelstein
PO Box 126
Medway, MA 02053

Office of U.S. Trustee
446 Main Street
14th Floor
Worcester, MA 01608

John A. Burdick
679 Pleasant Street
Paxton, MA 01612

Thomas I. Elkind
Foley & Lardner LLP
111 Huntington Avenue
Boston, MA 02199

Gary M. Hogan
Gilmore, Rees & Carlson, P.C.
1000 Franklin Village Dr., Ste. 305
Franklin, MA 02038

Laura A. Mann
221 East Main St.
Milford, MA 01757

Matthew J. McGowan
Salter, McGowan, Sylvia & Leonard, Inc.,
321 South Main Street
Suite 301
Providence, RI 02903

David M. Nickless, Esq.
Nickless & Phillips, PC
625 Main Street
Fitchburg, MA 01420

Gerard A. Cyr, Esq.
Malik & Cyr
68 Commercial Wharf
Boston, MA 02110

Advanta Bank Corp.
P.O. Box 3001
Malvern, PA 19355-0701

ADVANTA CREDIT CORP.
P.O. BOX 30715
SALT LAKE CITY, UT 84130-0715

American General Finance \ accnt # 8924
AIG Bank
P.O. Box 3121
Evansville IN 47731

BANK OF AMERICA
201 N. TRYON STREET
CHARLOTTE, NC 28255

BANK OF AMERICA
P.O. BOX 1070
NEWARK, NJ 07101-1070

BANKNORTH
P.O. BOX 5600
LEWISTON, ME 04243-5600

BAY STATE A/C & REFRIGERATION, INC.
P.O. BOX 427
NORTHBRIDGE, MA 01534

CHERYL ROSENBERG
24 FAIRVIEW COURT
GRAND ISLAND, NY 14072

CITIZENS BANK
1 CITIZENS DRIVE
RIVERSIDE, RI 02915

Corey S. Finkelstein
188 Horne Way
Millbury, MA 01527

DEDHAM INSTITUTION FOR SAVINGS
55 ELM STREET
DEDHAM, MA 02026

DEDHAM INSTITUTION FOR SAVINGS
P.O. BOX 51370
BOSTON, MA 02205-1370

DR. MARTIN J. KELLY
850 BOYLSTON STREET
CHESTNUT HILL, MA 02467

FIA Card Services
PO Box 22002
Greensboro, SC 27420

FIA CARD SERVICES, NA/BANK OF AMERICA
BY AMERICAN INFOSOURCE LP AS ITS AGENT
PO Box 248809
Oklahoma City, OK 73124-8809

FIA Card Services. N.A.
1100 N. King Street
Wilmington, DE 19884

FOLEY & LARDNER
111 HUNTINGTON AVENUE
BOSTON, MA 02199

Glenn Maurice
500 Mendon Road, Unit 9
Cumberland, RI 02864

INTERNAL REVENUE SERVICE
SPECIAL PROCEDURES FUNCTION
STOP 20800
P.O. BOX 9112
JFK BUILDING
BOSTON, MA 02203

KEYBANK
POB 94968
CLEVELAND, OH 44101

KEYBANK, USA, NA
P.O. BOX 94620
CLEVELAND, OH 44101

Kymberly K. and Howard R. Issler
725 Central Avenue
Johnston, RI 02919

Lawson & Weitzen LLP
c/o James M. Henry
88 Black Falcon Ave.
Boston, MA 02210

LAWSON & WIETZEN
88 BLACK FALCON AVENUE
BOSTON, MA 02210-1736

MARC MANN
16 OAK TREE
MILFORD, MA 01757

LIBERTY UNLIMITED REALTY ADVISOR
120 LEE DRIVE
CONCORD, MA 01742

MASSACHUSETTS DEPARTMENT OF REVENUE
BANKRUPTCY DEPARTMENT
P.O. BOX 9564
BOSTON, MA 02114-9564

MCGOVERN APPRAISALS, SERVICE, INC.
29 COTTAGE AVENUE, SUITE 5
QUINCY, MA 02169

MILFORD LIMITED PARTNERSHIP
P.O. BOX 126
MEDWAY, MA 02053

Newport Harbor Hotel & Marina
49 American Cup Way
Holliston, MA 01746

PENNEY KEYES
635 MARSHALL STREET
HOLLISTON, MA 01746

Ram Auto Sales
288 Market Street
Warren, RI 02885

ROBERT BURGER
11 BEACON STREET, SUITE 1210
BOSTON, MA 02108

Somerset Marine Inc.
3828 Riverside Ave.
Somerset, MA 02726

STRATA BANK
81 MAIN STREET
MEDWAY, MA 02053

STRATA BANK
P.O. BOX 408
FRANKLIN, MA 02038

F.W. Bucklin Appraisal Company
420 Main Street
Walpole, MA 02081

Michael F. Hill, CPA
25 Orchard Lane

KeyBank
C/O Weltman, Weinberg & Reis, Co., LPA
323 W. Lakeside Avenue, 2nd Floor
Cleveland, OH 44113

Advanta Bank Corp.
C/O Beckett & Lee LLP
P.O. Box 3001
Malvern, PA 19355

American InfoSource LP as agent for
FIA Card Services, NA/Bank of America
P.O. Box 248809
Oklahoma City, OK 73124

/s/ Carl D. Aframe

Carl D. Aframe, Esq. (BBO#012780)

DATED: December 11, 2009